UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
Rafael Cruz,                                                                           :
                                                                                              :
                              Plaintiff,                          :         CV: 07-3864 (SJF)(WDW)
                                                                                              :
         -against-                                                       :         FIRST AMENDED
                                                                                              :         COMPLAINT
THE TOWN OF SOUTHAMPTON, SOUTHAMPTON    :
TOWN POLICE, POLICE OFFICER DAVID B. PETERS,   :         JURY TRIAL DEMANDED
JOHN DOE #1, JOHN DOE #2, JOHN DOE #3,              :
JOHN DOE #4, (DOE defendants represent 4 unidentified  :
Southampton Town Police Officers involved in this        :
incident), are sued in their individual and official capacities  :
                                                                                              :
                              Defendant(s).                  :
------------------------------------------------------------------------X

   Plaintiff by his attorneys SCOTT MICHAEL MISHKIN, P.C., complaining of the Defendants alleges as follows.

*Preliminary Statement*

   This is a civil rights action filed by Plaintiff Rafael Cruz for damages under 42 U.S.C. § 1983 alleging deprivation of plaintiff rights secured by the Due Process Clause of the Fourteenth Amendment to not be punished without Due Process and Equal Protection of law or deprived of liberty without probable cause, and to be free from cruel and inhuman punishment under the Eighth Amendment. The plaintiff also alleges the prima facia tort, negligence, gross negligence, assault, and battery upon the plaintiff, and negligent hiring, retention, and supervision of the defendants' employees and agents, which are actionable under the laws of the State of New York. As well as discrimination based on National Origin.

*Jurisdiction*

   FIRST:   This Court has jurisdiction over the plaintiff's claim of Federal constitutional rights under 28 U.S.C. §§1331 and 1343.

SECOND: This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 because Prima facia tort, negligence, gross negligence, assault, and battery upon the Plaintiff, and negligent hiring, retention, and supervision of the Defendants' employees and agents, which are actionable under the laws of the State of New York, forms part of the same case and controversy.

*Parties*

THIRD: At the time the cause of action arose, the Plaintiff was a resident of the County of Suffolk, State of New York.

FOURTH: That at all times hereinafter mentioned, the Defendant, the Town of Southampton, was a municipal corporation duly organized, authorized and existing under and by virtue of the laws of the State of New York. The Town of Southampton operates, manages, and controls the Southampton Town Police Department, which carelessly, negligently, and recklessly supervised, controlled, managed, maintained and inspected the activities of the other named and unnamed Defendants.

FIFTH: That at all times hereinafter mentioned, the Defendant POLICE OFFICER DAVID B. PETERS, was a resident of the State of New York. He is sued individually and in his official capacity. At all times relevant to this complaint he was acting under the color of State law. That at all times hereunder mentioned, POLICE OFFICER DAVID B. PETERS, was and still is an agent, servant, and/or employee of the defendant, the Town of Southampton, and willfully and with the intent to cause harm to Plaintiff knowingly violated Plaintiff's constitutional rights.

SIXTH: That at all times hereinafter mentioned, the Defendant JOHN DOE # 1, was a resident of the State of New York. He is sued individually and in his official capacity. At

all times relevant to this complaint he was acting under the color of state law. That at all times hereunder mentioned, JOHN DOE # 1, was and still is an agent, servant, and/or employee of the Defendant, the Town of Southampton and willfully and with the intent to cause harm to Plaintiff knowingly violated Plaintiff's constitutional rights.

SEVENTH: That at all times hereinafter mentioned, the Defendant JOHN DOE # 2, was a resident of the State of New York. He is sued individually and in his official capacity. At all times relevant to this complaint he was acting under the color of state law. That at all times hereunder mentioned, JOHN DOE # 2, was and still is an agent, servant, and/or employee of the defendant, the Town of Southampton and willfully and with the intent to cause harm to Plaintiff knowingly violated Plaintiff's constitutional rights.

EIGHTH: That at all times hereinafter mentioned, the Defendant JOHN DOE # 3, was a resident of the State of New York. He is sued individually and in his official capacity. At all times relevant to this complaint he was acting under the color of state law. That at all times hereunder mentioned, JOHN DOE # 3, was and still is an agent, servant, and/or employee of the defendant, the Town of Southampton and willfully and with the intent to cause harm to Plaintiff knowingly violated Plaintiff's constitutional rights.

NINTH: That at all times hereinafter mentioned, the Defendant JOHN DOE # 4, was a resident of the State of New York He is sued individually and in his official capacity. At all times relevant to this complaint he was acting under the color of state law. That at all times hereunder mentioned, JOHN DOE # 4, was and still is an agent, servant, and/or employee of the defendant, the Town of Southampton and willfully and with the intent to cause harm to Plaintiff knowingly violated Plaintiff's constitutional right.

*Facts*

TENTH: That prior to the commencement of this action and within 90 days after the cause of action herein arose, the plaintiff duly served upon defendant, the Town of Southampton, a Notice of Claim in writing.

ELEVENTH: More than 30 days have elapsed since the demand and/or claim upon which this action is predicated against the Defendants was presented to the Town of Southampton for adjustment and/or payment thereof, and it has neglected and/or refused to make any adjustments and/or payment.

TWELFTH: That the Plaintiff gave testimony at a 50-H Municipal hearing held on July 16, 2007, by the Town of Southampton.

THIRTEENTH: On or about September 14, 2006, off of Montauk Highway heading West, at a Hess gas station, the Plaintiff was, without provocation, maliciously, recklessly, negligently and/or intentionally assaulted and battered by defendants, causing injury to Plaintiff.

FOURTEENTH: On or about September 14, 2006, Plaintiff, on his way to work, drove his vehicle to the above referenced Hess gas station, by himself, to purchase gas.

FIFTEENTH: Plaintiff pulled his vehicle up to a gas pump when he was approached on the driver side of his vehicle by one of the Defendants', a Southampton Town Police Officer ("PO").

SIXTEENTH: Defendant PO asked Plaintiff for his driver's license.

SEVENTEENTH: Plaintiff informed Defendant PO that he forgot his driver's license at home.

EIGHTEENTH: Defendant PO then advised Plaintiff that he would be placed under arrest.

NINETEENTH: Subsequent to advising Plaintiff that he would be placed under arrest, and without provocation, Defendant PO opened the driver's side door of Plaintiff's vehicle and unlocked Plaintiff's seatbelt.

TWENTIETH: During this time, without provocation, Defendant PO told Plaintiff to "shut the fuck up."

TWENTY-FIRST: Defendant PO then grabbed Plaintiff by his neck, pulled him out of his vehicle and threw him on the ground causing injury to Plaintiff.

TWENTY-SECOND: Plaintiff at no time was asked to step outside of his vehicle by Defendant PO.

TWENTY-THIRD: Defendants' unlawful touching of plaintiff without justification or excuse was an assault and battery of Plaintiff.

TWENTY-FOURTH: Defendant PO told Plaintiff, "You guys messed up this country. You guys shouldn't be in this country. You guys have to get out of this country."

TWENTY-FIFTH: Plaintiff told Defendant PO that he is from America and is a legal United States Citizen.

TWENTY-SIXTH: Plaintiff then told Defendant PO that he had a valid driver's license, but not with him, is a legal United States Citizen and is not an illegal immigrant.

TWENTY-SEVENTH: Plaintiff told Defendant PO that he was a legal United States citizen so Defendant PO would stop physically assaulting him.

TWENTY-EIGHTH: Defendant PO ignored Plaintiff's plea that he was a legal United States Citizen and continued to physically assault Plaintiff.

TWENTY-NINTH: Defendant PO then picked up Plaintiff from the floor, pulled Plaintiff's hands behind his back and with his elbow, slammed Plaintiff's head into the Police Cruiser.

THIRTIETH: At no time during Defendant PO's assault and battery of Plaintiff did Plaintiff resist Defendant PO.

THIRTY-FIRST: Defendants' unlawful touching of Plaintiff without justification or excuse was an assault and battery of Plaintiff.

THIRTY-SECOND: Defendant PO then handcuffed Plaintiff and removed his wallet, cell phone and a pack of gum from his clothes pockets.

THIRTY-THIRD: No reason for the search of Plaintiff's body was advised by Defendant PO.

THIRTY-FOURTH: Defendant PO had no probable cause to search Plaintiff's body.

THIRTY-FIFTH: Subsequent to handcuffing Plaintiff and searching his body, Defendant PO kicked Plaintiff in his back to get him inside the Police Cruiser.

THIRTY-SIXTH: Defendants' unlawful touching of Plaintiff without justification or excuse was an assault and battery.

THIRTY-SEVENTH: At no time prior to being searched or placed in handcuffs, or prior to being placed in the Police car, was Plaintiff provided with his Miranda Rights.

THIRTY-EIGHTH: Once inside the Police Cruiser, Plaintiff asked Defendant PO to loosen the handcuffs around his wrists because he was in severe pain and his arm was numb.

THIRTY-NINTH: Defendant PO replied, "Shut the fuck up, that's what you got to do, or I'm going to tighten them even more."

FORTIETH: Defendant PO then placed a call on his police radio for backup.

FORTY-FIRST: Within minutes four (4) Police Cruisers arrived at the Hess gas station.

FORTY-SECOND: While Plaintiff was handcuffed in the backseat of the Police Cruiser, another Defendant PO came over and asked Plaintiff for his name, social security number and birth date.

FORTY-THIRD: Plaintiff asked Defendant PO to loosen his handcuffs because he was in pain.

FORTY-FOURTH: Defendant PO refused Plaintiff's request and said "I'm not in charge here."

FORTY-FIFTH: During this time, the arresting Defendant PO was standing adjacent to his Police Cruiser and next to the PO's that just arrived as backup.

FORTY-SIXTH: Defendant PO then handed out Plaintiff's confiscated gum to the PO's that just arrived as backup.

FORTY-SEVENTH: As Defendants were chewing Plaintiff's gum, they looked at Plaintiff and laughed at him as he sat in the back seat of the Police Cruiser.

FORTY-EIGHTH: The Defendant PO's then opened the doors to Plaintiff's vehicle and began searching its contents.

FORTY-NINTH: At no time did Plaintiff give permission for Defendants to search his vehicle.

FIFTIETH: Plaintiff was subsequently detained in police custody at the Hampton Bays Police Station ("Hampton") against his will and without his consent.

FIFTY-FIRST: At no time prior to being taken to the Hampton Bays Police Station, was Plaintiff provided with his Miranda Rights.

FIFTY-SECOND:	Inside the Hampton Bays Police Station, Plaintiff was handcuffed to a table against his will and without his consent.

FIFTY-THIRD:	During Plaintiff's detention, the arresting Defendant PO asked Plaintiff for his name, social security number, date of birth, address and home telephone number, which Plaintiff provided.

FIFTY-FOURTH:	Subsequently, the arresting Defendant PO verified that Plaintiff had a valid driver's license and the informed Plaintiff he was arrested for resisting arrest.

FIFTY-FIFTH:	However, Plaintiff never resisted Defendant PO and was physically assaulted by Defendant PO without justification or cause.

FIFTY-SIXTH:	Plaintiff was then fingerprinted and photographed by Defendant PO.

FIFTY-SEVENTH:	Plaintiff was again handcuffed to a table against his will and without his consent.

FIFTY-EIGHTH:	Subsequently, Defendant PO drove Plaintiff to Southampton Court where he was arraigned and officially charged with resisting arrest, driving without a license and making an illegal left turn.

FIFTY-NINTH:	On or about September 14, 2006, after said arraignment, Plaintiff was released from the Courthouse.

SIXTIETH:	Plaintiff then called his Employer.

SIXTY-FIRST:	Plaintiff spoke with his Foreman, Junior, and arranged for Junior to pick him up at the Courthouse.

SIXTY-SECOND: Plaintiff and Junior returned to their employers, Walpole Woodworkers (Walpole), home office in Wainscott, New York, whereupon, Plaintiff was notified by his employers that his position within Walpole was terminated.

SIXTY-THIRD: Thereafter, Plaintiff was unable to obtain the same or similar employment.

SIXTY-FOURTH: As a result of Defendants' violations as described herein, Plaintiff could not find the same or similar employment to match his previous employment salary and therefore could not meet the payments on his mortgage and was forced to sell his home.

SIXTY-FIFTH: On or about September 14, 2006, Plaintiff visited the Emergency Room due to pain in his shoulders and numbness in his arms caused by the Defendant PO's handcuffs being placed too tight around his wrists.

SIXTY-SIXTH: Plaintiff's wrists were x-rayed and he was given anti-inflammatory medicine to relieve the swelling in said wrists.

SIXTY-SEVENTH: Subsequently, Plaintiff sought the help of a Psychologist for the mental anguish suffered by Defendants' willful actions.

SIXTY-EIGHTH: On or about March 13, 2007, as a result of Defendants' violations as described herein, Plaintiff was subjected to an Adjournment in Contemplation of Dismissal ("ACOD"), due to and as a result of Defendant's willful actions towards Plaintiff on September 14, 2006.

SIXTY-NINTH: Defendants' willful actions included but were not limited to being arrested on September 14, 2006, and then being physically and mentally abused by Defendants', which to date has cause and continued to cause irreparable mental and financial harm.

SEVENTIETH: Defendants used unnecessary and unlawful physical force in attempting to affect an arrest of plaintiff, who was unarmed.

SEVENTY-FIRST: While Plaintiff was detained in Defendant PO's Police Cruiser he was subjected to unnecessary mental abuse by the PO's on the scene.

SEVENTY-SECOND: Plaintiff did not resist the Defendant PO's or pose a threat to any bystanders or Defendants'.

SEVENTY-THIRD: Subsequent to Plaintiff's arrest, he was never told he had the right to remain silent or the right to an attorney.

SEVENTY-FOURTH: As a direct and proximate result of the misconduct of the Defendants as aforesaid, the plaintiff sustained physical and emotional injuries that required medical care.

SEVENTY-FIFTH: As a direct and proximate result of the misconduct of the Defendants as aforesaid, the Plaintiff has sustained and continues to sustain financial harm, in having to retain counsel for said violations of his Constitutional rights.

SEVENTY-SIXTH: As a direct and proximate result of the misconduct of the Defendants as aforesaid, the Plaintiff has sustained and continues to sustain financial harm, in losing his employment, a sustained a loss of income and being forced to sell his home.

SEVENTY-SEVENTH: As a direct and proximate result of the misconduct of the defendants as aforesaid, the Plaintiff has sustained and continues to sustain emotional harm as he no longer feels confident and/or comfortable when in view of a Southampton Police Officer.

*Claims for Relief*

SEVENTY-EIGHTH: The Defendants' The Town of Southampton, the Southampton Police Department, Police Officers Peters, John Doe #1, John Doe #2, John Doe #3 and John

Doe #4, without just cause or provocation violated the Plaintiff's civil rights by maliciously, recklessly, negligently and/or intentionally attacking, assaulting and causing serious physical and mental injury to Plaintiff.

SEVENTY-NINTH:   Defendants' acts resulted in Plaintiff being deprived of his rights under the Due Process Clause of the Fourteenth Amendment, punished without Due Process and inflicted cruel and unusual punishment in violation of the Eighth Amendment.  Defendants' acts were in violation of 42 U.S.C. § 1983, causing Plaintiff to sustain serious physical injury and mental injuries due to Plaintiff's race.

EIGHTIETH:   The acts and conduct of the Defendants alleged in the above stated claims for relief constitute prima facia tort, negligence, gross negligence, assault, and battery and negligent hiring, retention, and supervision of the defendants' employees and agents committed upon the plaintiff due to Plaintiff's race.

WHEREFORE the plaintiff demands judgment against the defendants as follows:

1.   Actual, Compensatory and Punitive damages to be determined by the trier(s) of fact on behalf of Plaintiff and against the Defendants' jointly and severally for 42 U.S.C. § 1983 alleging deprivation of Plaintiff's rights secured by the Due Process Clause of the Fourteenth Amendment to not be punished without Due Process and Equal Protection of law or deprived of liberty without probable cause, and to be free from cruel and inhumane punishment under the Eight Amendment, prima facie tort, negligence, gross negligence, assault and battery, negligent hiring, retention, and supervision of the Defendants' employees, agents and discrimination based on Race.

        2.        Reasonable attorney fees pursuant to 42 U.S.C. § 1988 and for the costs and disbursements of this action;

        3.        Such other further relief as appears reasonable and just.

Dated: Islandia, New York
       December 28, 2007                            SCOTT MICHAEL MISHKIN, P.C.

                                                           _____/s/_____
                                                           Scott Michael Mishkin, Esq. (SMM 3687)